UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 17-55 |
| DAVID TURNER | SECTION "L"(4) |

## ORDER AND REASONS

Before the Court are the following *pro se* motions filed by Defendant David Turner: (1) "Motion for Leave of the Court to Include a Claim of Covid-19 Infestion [*sic*]," R. Doc. 666, and (2) "Motion for Recharacterized 18 USC 3624(c) ECF 599 as 28 USC 2241." R. Doc. 664.[1] Having considered the briefing, the record, and the applicable law, the Court now rules as follows.

I.   BACKGROUND

On May 2, 2019, Defendant David Turner pleaded guilty to Count 1 of a one-count Superseding Bill of Information, which charged him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. R. Doc. 245, 247. On September 19, 2019, Defendant was sentenced to a term of imprisonment of 60 months, to be served consecutively to the sentence imposed in criminal action 07-225 in the Eastern District of Louisiana, followed by four years of supervised release. R. Doc. 284. Turner is currently incarcerated at FCI Beckley, located in

---

[1] Although Defendant's "Motion for Recharacterized 18 USC 3624(c) ECF 599 as 28 USC 2241" was submitted before the "Motion for Leave of the Court to Include a Claim of Covid-19 Infestion [*sic*]," it was not entered into the docket by the Clerk of Court until after the other motion was docketed. This apparent delay has no impact on the resolution of the motions.

1

Beaver, Wester Virginia, and is set to be released on February 17, 2024. *See* BUREAU OF PRISONS, http://www.bop.gov/inmateloc (last accessed May 23, 2022).

## II.   PRESENT MOTION

Although Defendant Turner's *pro se* motions are somewhat difficult to understand, as best the Court can discern, Defendant's "Motion for Leave of the Court to Include a Claim of Covid-19 Infestation [*sic*]" suggests that the spread of COVID-19 in the facility where he is incarcerated, FCI Beckly in West Virginia, warrants home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020).[2] R. Doc. 666. Turner also asserts that the Warden of FCI Beckly and prison staff engaged in "arbitrary, capricious denials of access to remedy form[s]" and "intimidation of inmate[s] who seek to file grievances." *Id.* As relief, he requests leave under Federal Rule of Civil Procedure 15 to file an amended action and appointment of counsel. Turner further claims that he is challenging the execution, duration, and location of his sentence and suggests that the Court "consider . . . transfer[r]ing this action" to the "United States District Court for West Virginia" under 28 U.S.C. § 2241.[3]

Defendant's "Motion for Recharacterized 18 USC 3624(c) ECF 599 as 28 USC 2241" apparently seeks to have the Court reconstrue his prior "Emergency Motion for Recommendation Regarding Length of R.R.C. Placement," R. Doc. 599, as a habeas petition. Defendant's earlier motion sought an order recommending that the Bureau of Prisons ("BOP") place him in a Residential Reentry Center or on home confinement. R. 661. The Court denied that motion,

---

[2] The Court liberally construes motions by *pro se* litigants like Mr. Turner. *See Johnson v. Gonzalez*, 172 F.3d 869, *1 (5th Cir. 1999).

[3] There is no federal judicial district denominated as the "United States District Court for West Virginia." The State of West Virginia is divided into two federal judicial districts. Defendant is incarcerated in the United States District Court for the Southern District of West Virginia.

explaining that the decision over Defendant's custodial placement is committed solely to the discretion of the BOP. R. Doc. 661 at 4.

In his present motion, Defendant states that he is "challenging the "length, duration, carr[y]ing out and location" of his sentence. R. Doc. 664 at 1. He also asserts that he has exhausted his administrative remedies and asks the Court to "issue F.B.O.P. non-compliances [*sic*] with its own" residential reentry policy. He also states that he has a liberty interest created by the Code of Federal Regulations or Acts of Congress and that unspecified substantive and procedural due process rights have been violated. As relief, he requests that his prior motion be recharacterized as a habeas petition pursuant to 28 U.S.C. § 2241 and transferred to the United States District Court for the Southern District of West Virginia or that the Court reduce his sentence under 18 U.S.C. §3582(c)(1)(A).

### III.   DISCUSSION

Defendant first moves for leave to amend a complaint and second to have a past motion recharacterized as a habeas petition or to have his sentence modified. The Court considers the motions in turn.

#### A. "Motion for Leave of the Court to Include a Claim of Covid-19 Infestion [*sic*]," R. Doc. 666

As an initial matter, the Court notes that Defendant's motion requests that the Court provide leave to file a civil action related to COVID-19 issues at FCI Beckly—presumably, a civil rights action under *Bivens*[4]—but also references a request for habeas relief. Because a civil rights action and a habeas petition are distinct actions that must proceed separately, the Court must, as a threshold matter, determine the nature of the action here. In doing so, the Court looks

---

[4] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

beyond labels supplied by the Defendant and instead considers the substance of the relief sought. *See Hernandez v. Thaler*, 630 F.2d 420, 426-27 (5th Cir. 2011).

Where a "prisoner challenges "condition[s] of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release. *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010); *accord See Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (case involving petition purportedly filed under 28 U.S.C. § 2241). On the other hand, the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Braggs v. Dir., TDCJ-CID*, No. 9:20CV164, 2020 WL 6479168, at *1 (E.D. Tex. Aug. 3, 2020), *report and recommendation adopted*, No. 9:20CV164, 2020 WL 6449311 (E.D. Tex. Nov. 2, 2020) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)).

Here, the gravamen of Defendant's motion concerns his potential for exposure to COVID-19 at the BOP facility where he is housed. R. Doc. 666. He also mentions problems associated with the prison grievance procedure. *Id.* These are challenges to the conditions of his confinement. *See Cureno Hernandez v. Mora*, 467 F. Supp. 3d 454, 463–64, No. 1:20-cv-104-H, 2020 WL 3246753, at *7 (N.D. Tex. Jun. 15, 2020) (collecting cases). Although Defendant appears ultimately to seek home confinement—and thus a shorter duration of confinement in prison—"[a] demand for release does not convert a conditions-of-confinement claim into a proper habeas request." *Duran v. Dir., TDCJ-CID*, No. 9:18CV11, 2021 WL 818390, at *2 (E.D.

4

Tex. Jan. 8, 2021*), report and recommendation adopted*, No. 9:18CV11, 2021 WL 807260 (E.D. Tex. Mar. 3, 2021) (quoting *Beltran v. Wolf*, 473 F. Supp. 3d 688, 2020 WL 4187912 (N.D. Tex. July 20, 2020)); *see also Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) ("[H]abeas is not available to review questions unrelated to the cause of detention."); *cf. Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (explaining that "[w]hile an argument can be made that" a program permitting prisoners to be removed from a BOP facility and placed on home detention "allows for 'release' from institutional custody, we determine that [the prisoner's] claim involves his conditions of confinement and is more properly brought as a *Bivens* action"). And even though Defendant makes the conclusory assertion that he is challenging the execution or duration of his sentence, the substance of his motion is directed solely to the conditions in his place of incarceration. *See Hernandez v. Thaler*, 630 F.2d at 426-27. Accordingly, a civil rights action, rather than a habeas petition, is the appropriate vehicle for Defendant to pursue the types of claims mentioned in his motion.

      The Court notes that Defendant specifically requests "leave . . . to file an amended action." R. Doc. 666. However, there was no such initial action filed for Defendant to amend. His request is thus unnecessary.

      To the extent Defendant desires to file a civil rights action concerning the conditions of his incarceration, the Court observes that venue may well be lacking in this judicial district but would necessarily be proper in the judicial district in which Defendant is incarcerated, *i.e.*, the United States District Court for the Southern District of West Virginia. *See* 28 U.S.C. § 1391(b). Additionally, under the Prison Litigation Reform Act ("PLRA"), Defendant must first exhaust his administrative remedies before filing suit, unless he can show that BOP's grievance process is unavailable. *See Valentine v. Collier*, 978 F.3d 154, 162 (5th Cir. 2020) ("But the CARES Act

did not alter the PLRA. We thus remain bound by it, even in these unprecedented times. . . . By all accounts, the [Texas Department of Criminal Justice's grievance] process was suboptimal. But it was available, and Plaintiffs were required to exhaust it before bringing this suit."). Further, insofar as Defendant seeks placement in home confinement, the Court reiterates what it recently explained to Defendant: "[T]he authority to determine a prisoner's place of confinement and to determine a prisoner's 'prerelease custody' lies exclusively with the BOP." R. Doc. 661 (citing 18 U.S.C. §§ 3621(b), 3624(c)); *see also United States v. Dillon*, No. CR 03-252, 2020 WL 5577853, at *3 n.5 (E.D. La. Sept. 17, 2020) ("Whether Dillon should be moved to home confinement is BOP's prerogative."). Finally, the Court finds that there is no need to appoint counsel for Defendant in this circumstance as Defendant does not have a present lawsuit before this Court and has not shown that he would be unable to prosecute such a suit on his own.

### B. "Motion for Recharacterized 18 USC 3624(c) ECF 599 as 28 USC 2241," R. Doc. 664

Defendant's second motion asks the Court to recharacterize his earlier motion regarding the place of his detention as either a request (1) for habeas relief or (2) to reduce his sentence. The Court will discuss each request in turn.

At the outset, the Court notes that, in requesting to have his previously-denied motion "recharacterized," Defendant implicitly challenges the Court's resolution of that prior motion. That is, Defendant effectively asks for reconsideration of the Court's past order. While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions

for reconsideration in the criminal context. *United States v. Roll*ins, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 78-79 (1964)).

The Fifth Circuit has stated that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, then the motion is treated as motion to alter or amend under Rule 59(e). *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted); *see also* Fed. R. Civ. P. 59(e). Defendant filed the instant motion no more than three days after the Court's order that he challenges now, and thus the standard under Rule 59(e) applies.

Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e) only: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017).

Defendant's instant motion meets none of these requirements. Defendant does not point to an intervening change in controlling law, newly discovered evidence, or a manifest error in the prior decision. Instead, Defendant merely states that he is contesting the length, duration, or execution of his sentence and, on that basis, seeks to have his prior motion recharacterized as a habeas motion under 28 U.S.C. § 2241. This does not satisfy the standards of Rule 59(e), and the Court will not disturb its prior order, which Defendant implicitly challenges.

However, the Court recognizes that Defendant is proceeding *pro se* and seeks to avoid unnecessarily burdening Defendant by requiring him to file a new motion that essentially re-

urges his earlier motion regarding his custodial placement. The Court will thus consider whether Defendant's prior motion could be construed as a request for habeas relief. Again, Defendant claims that he is challenging the length, duration, or execution of his sentence, which is the purpose of a petition under 28 U.S.C. §2241. *See United States v. Walton*, No. CR 09-157, 2019 WL 3947601, at *1 (E.D. La. May 14, 2019). However, in determining how to construe Defendant's motion, the Court looks past formulistic invocations to the actual nature of the relief Defendant seeks. *See Hernandez v. Thaler*, 630 F.2d at 426-27. Defendant's prior motion sought a recommendation from the Court to the BOP regarding his custodial placement. As explained above, a request to be released from incarceration "does not convert a conditions-of-confinement claim into a proper habeas request." *Duran*, No. 9:18CV11, 2021 WL 818390, at *2. Likewise, Defendant's motion that merely asks for a *recommendation* to BOP regarding his place of confinement is not a proper habeas claim.

Furthermore, nothing else in Defendant's present motion seeks habeas relief under § 2241. Insofar as Defendant alleges that his due-process rights have been violated by BOP's decision, at this time, not to place him in a residential reentry program, habeas is not an appropriate vehicle to pursue such a claim. Accordingly, the Court declines to construe Defendant's motion as a habeas petition. The Court advises Defendant that, should he seek relief that may be obtained through habeas, he should file his petition in the Southern District of West Virginia. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition . . . attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

Last, the Court considers Defendant's alternative request for relief: that his sentence be reduced under 18 U.S.C. § 3582(c)(1)(A). Under that provision, a court, "upon motion of the

defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . if it finds that extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Although Defendant claims to have exhausted his administrative remedies, he provides no supporting evidence. Even assuming Defendant has done so,[5] he fails entirely to address any of the factors under § 3553(a). And the Court's review of these factors, particularly the nature and circumstances of the offense, lead it conclude that Defendant has not demonstrated extraordinary and compelling reasons to justify a reduction in his sentence.

## IV. CONCLUSION

For these reasons,

**IT IS ORDERED** that Defendant's *pro se* "Motion for Leave of the Court to Include a Claim of Covid-19 Infestion [*sic*]," R. Doc. 666, is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Defendant's request for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Recharacterized 18 USC 3624(c) ECF 599 as 28 USC 2241," R. Doc. 664, is **DENIED**, including Defendant's request for a reduction in sentence.

New Orleans, Louisiana, this 7th day of June, 2022.

United States District Judge

---

[5] The requirement of administrative exhaustion is a non-jurisdictional, claim-processing rule that courts only apply if the government seeks to enforce the rule. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Accordingly, the Court may assume *arguendo* that Defendant has exhausted his administrative remedies and proceed to consider the § 3553(a) factors.