UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-055 |
| v. | * | SECTION: "L" |
| DASHAWN LEWIS, ET AL | * | |

* * *

**ORDER AND REASONS**

Before the Court is *pro se* Defendant David Turner's "Motion for Copies and Production of Documents." R. Doc. 702. Having considered the briefing, the record, and the applicable law, the Court rules as follows.

**I.     BACKGROUND**

On May 2, 2019, Defendant David Turner pleaded guilty to Count One of a one-count Superseding Bill of Information, which charged him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C.

1

§§ 841(a)(1), 841(b)(1)(B), and 846. R. Doc. 245, 247. On September 19, 2019, Defendant was sentenced to a term of imprisonment of 60 months, to be served consecutively to the sentence imposed in criminal action 07-225 in the Eastern District of Louisiana, followed by four years of supervised release. R. Doc. 284. Turner is currently incarcerated at FCI Beckley, located in Beaver, West Virginia, and is set to be released on February 17, 2024. *See* BUREAU OF PRISONS, http://www.bop.gov/inmateloc (last accessed December 8, 2022).

## II.     PRESENT MOTION

On July 14, 2022, Turner filed the instant *pro se* "motion for copies and production of documents," moving for the government to provide paper copies of "all transcripts [pertaining] to the June 2, 2022 proceedings" at no cost to Defendant. R. Doc. 702. Turner's co-defendant, Mark Richburg, was sentenced in this Court on June 2, 2022. R. Doc. 663. Turner also filed a motion for reconsideration of a previous order on June 2, 2022, which was denied. R. Doc. 664. So, the Court is not clear on whether Turner's request involves documents from Richburg's sentencing, or from his own motion, or both. Defendant also moves to compel all former criminal defense counsel to produce copies of Turner's case file. *Id.* Defendant cites *United States v. Glover*, 8 F.4th 239 (4th Cir. 2021); *United States v. Beggerly*, 524 U.S. 38 (1998); *Brady v. Maryland*, 373 U.S. 83 (1963); and *Giglio v. United States*, 405 U.S. 150 (1972) as supporting his particularized need for the requested materials. *Id.*

The government opposes the motion, arguing that Defendant has not established his entitlement to receipt of the requested materials. R. Doc. 705. The government avers that the statutory authority Defendant's motion relies on, 28 U.S.C. § 2255 and 28 U.S.C. § 2241, do not authorize production of the requested materials. *Id.* at 1-2. The government further contends that the Federal Rules of Criminal Procedure, though not cited in Defendant's motion, do not

2

mandate disclosure of the requested materials post-conviction. *Id.* at 2. The government does not respond to Turner's motion to compel his case file from his former defense counsel.

### III. LAW & DISCUSSION

#### a. *Request for documents*

Under 28 U.S.C. § 2255, a district court must allow discovery and an evidentiary hearing where an issue of material fact which, if resolved in the defendant's favor, would entitle him to relief. *United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 204). Conclusory allegations alone do not warrant such discovery; rather, a movant should set forth specific allegations of fact. *Id.* A defendant has no absolute right to court records in order to search for possible defects merely because of his indigent status. *Bennett v. United States,* 437 F.2d 1210, 1211 (5th Cir. 1971). In *Trevino*, an inmate received copies of the district court's documents pertaining to the case after filing a motion alleging ineffective assistance of counsel under 28 U.S.C. § 2255. 554 F. App'x at 295. Here, Defendant requests "all documents and all transcripts pertaining to the June 2, 2022 proceedings," but states no particularized need for the materials.[1] R. Doc. 663. Unlike in *Trevino*, where the inmate requested court filings from his own case, Turner requests materials from a third party's sentencing at the government's expense. *See id.; see Trevino*, 554 F. App'x at 295. Defendant fails to show any entitlement to the record documents of another party, as he has no outstanding habeas corpus petition, nor has he provided any specific allegation warranting a need for the requested materials. Accordingly, this Court sees no reason

---

[1] Defendant cites *United States. v. Glover*, *United States v. Beggerly*, *Brady v. Maryland*, and *Giglio v. United States* in support of his particularized need for the requested materials. R. Doc. 702. However, *Brady* and *Giglio* involve the government's duty to disclose exculpatory evidence. *Brady,* 373 U.S. 83; *Giglio*, 405 U.S. 150. Defendant makes no attestation that the requested documents would constitute such materials. Further, *Glover* involved an appeal due to defense counsel's conflict of interest, but Defendant makes no argument that the requested materials would reveal such a conflict on behalf of his former counsel. *Glover*, 8 F.4th 239. Finally, *Beggerly* relates to the Quiet Title Act, which is not relevant to the facts of this case. *Beggerly*, 524 U.S. 38.

to release court documents pertaining to Turner or his co-defendant. *See United States v. Connors,* 904 F.2d 535, 536 (9th Cir. 1990).

However, the U.S. Supreme Court has recognized an inmate's right to obtain a copy of his own presentence investigation report ("PSR"). *United States Dept. of Justice v. Julian*, 486 U.S. 1, *8-9 (1988). A copy of an inmate's PSR should be provided to him, excluding any information related to confidential sources, diagnostic opinions, or other information that may be harmful to the subject or to third parties. *Id.* But PSRs contain confidential information and should not be disclosed to third parties. *Id.* at *14. Here, the movant requests paper copies of "all [PSRs] of [defendants]" related to the June 2, 2022 proceedings. R. Doc. 702. It is unclear whether Defendant requests a copy of his own PSR, as he filed a *pro se* motion on June 2, 2022, or that of his co-defendant Mark Richburg, whom the Court sentenced on June 2, 2022. In the instance that Turner requests a copy of his own PSR, this Court holds that Defendant should have access to the PSR. However, Turner is not entitled to request disclosure of a third party's PSR. *Julian*, 486 U.S. at *14.

### b. *Request for case file*

Defendant also requests that his former defense counsel produce his case file, and cites 28 U.S.C. §§ 2255 and 2241. Absent a habeas petition, which does not exist here, these statutes do not authorize the Court to compel the disclosure of a case file. *Trevino*, 544 Fed. App'x. at 295. Here, Defendant has not asserted any dispositive fact issue entitling him to a court order, and instead merely requests the court take action to compel his case file without any supporting reason. R. Doc. 702. As such, the movant does not assert an issue of fact which the production of the attorney's case file would materially alter, so the matter should be resolved between the

to release court documents pertaining to Turner or his co-defendant. *See United States v. Connors,* 904 F.2d 535, 536 (9th Cir. 1990).

However, the U.S. Supreme Court has recognized an inmate's right to obtain a copy of his own presentence investigation report ("PSR"). *United States Dept. of Justice v. Julian*, 486 U.S. 1, *8-9 (1988). A copy of an inmate's PSR should be provided to him, excluding any information related to confidential sources, diagnostic opinions, or other information that may be harmful to the subject or to third parties. *Id.* But PSRs contain confidential information and should not be disclosed to third parties. *Id.* at *14. Here, the movant requests paper copies of "all [PSRs] of [defendants]" related to the June 2, 2022 proceedings. R. Doc. 702. It is unclear whether Defendant requests a copy of his own PSR, as he filed a *pro se* motion on June 2, 2022, or that of his co-defendant Mark Richburg, whom the Court sentenced on June 2, 2022. In the instance that Turner requests a copy of his own PSR, this Court holds that Defendant should have access to the PSR. However, Turner is not entitled to request disclosure of a third party's PSR. *Julian*, 486 U.S. at *14.

### b. *Request for case file*

Defendant also requests that his former defense counsel produce his case file, and cites 28 U.S.C. §§ 2255 and 2241. Absent a habeas petition, which does not exist here, these statutes do not authorize the Court to compel the disclosure of a case file. *Trevino*, 544 Fed. App'x. at 295. Here, Defendant has not asserted any dispositive fact issue entitling him to a court order, and instead merely requests the court take action to compel his case file without any supporting reason. R. Doc. 702. As such, the movant does not assert an issue of fact which the production of the attorney's case file would materially alter, so the matter should be resolved between the

attorney and client, not in federal court. *United States v. Davis*, No. 4:17-CR-264-O, 2019 WL 7987814 at *1 (N.D. Tex. Nov. 27, 2019); *see e.g., Trevino*, 554 F. App'x at 295.

## IV. CONCLUSION

Because Turner has failed to show a particularized need for the requested court materials, or for a court order to compel his case file from former defense counsel, this Court **GRANTS** Turner's motion with respect to his request for a paper copy of his own PSR and **DENIES** the motion in all other respects.

New Orleans, Louisiana, this 9th day of December, 2022.

*Eldon E. Fallon*
United States District Judge